**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**LAFAYETTE DIVISION**

MANANA RAZMADZE

VERSUS

WARDEN SOUTH LOUISIANA ICE
PROCESSING CENTER, ET AL.

CIVIL ACTION NO. 26-2791

JUDGE S. MAURICE HICKS, JR.

MAGISTRATE JUDGE LEBLANC

**MEMORANDUM ORDER**

Before the Court is an Emergency Motion for a Temporary Restraining Order, Stay of Removal, and Order to Show Cause (Record Document 2) filed by the habeas Petitioner, Manana Razmadze ("Petitioner").  Petitioner is a citizen of Georgia and was paroled into the United States on May 8, 2023, to pursue a pending application for asylum and withholding of removal.  See Record Document 11 at 10.  She was detained by the Immigration and Customs Enforcement ("ICE") on July 6, 2026, and is currently being detained at the South Louisiana ICE Processing Center in Basile, Louisiana.  See id. at 10, 11.

In her Habeas Petition (Record Document 1), Petitioner asserts four claims for relief:  violation of the Due Process Clause (detention without a meaningful, individualized custody determination); violation of the Administration Procedure Act (arbitrary and capricious denial of parole); violation of the Due Process Clause (continued detention without a meaningful opportunity to prepare and present her pending asylum claim); violation of the Immigration and Nationality Act (petitioner is exempt from expedited removal and is entitled to a credible fear screening before any removal).  See id. at 19-25.  She also seeks immediate release due to her age and financial harm.  See id. at 5.

In the instant Emergency Motion for a Temporary Restraining Order, Stay of Removal, and Order to Show Cause (Record Document 2), Petitioner seeks a temporary restraining order and stay of removal barring Respondents from removing, transferring, or further relocating her outside the Western District of Louisiana pending resolution of her Habeas Petition.  See id. at 1.  She further seeks expedited consideration of her Habeas Petition.  See id. at 1-2.

An applicant for a Temporary Restraining Order or a Preliminary Injunction must demonstrate each of the following: (1) a substantial likelihood his cause will succeed on the merits, (2) a substantial threat of irreparable injury if the injunction is not granted, (3) the threatened injury outweighs the threatened harm the injunction may do to the opposing party, and (4) granting the injunction will not disserve the public interest. See Misquitta v. Warden Pine Prairie ICE Processing Center, 353 F. Supp.3d 518, 521 (W.D. La. Nov. 16, 2018) (citing Piedmont Heights Civic Club, Inc. v. Moreland, 637 F.2d 430 (5th Cir. 1981)). The decision of whether to grant or deny an emergency injunction lies in the district court's discretion. See Moore v. Brown, 868 F.3d 398, 402 (5th Cir. 2017). And courts should deny such motions more often than not. See Albright v. City of New Orleans, 46 F.Supp.2d 523, 532 (E.D. La. 1999) (explaining that temporary restraining orders are "extraordinary relief and rarely issued."); see also Suburban Propane, L.P. v. D & S GCTX LLC, 2025 WL 2429087, at *2 (W.D. Tex. 2025) (holding that the extraordinary relief under Rule 65 must be "unequivocally show[n]."); see also Anderson v. Jackson, 556 F.3d 351, 355–56 (5th Cir. 2009) ("Only under 'extraordinary circumstances' will this court reverse the denial of a preliminary injunction.").

A request for stay of removal is a challenge to a removal order. See Imran v. Harper, No. 25-30370, 2026 WL 93131, at *1 (5th Cir. Jan. 13, 2026), citing In re Asemani, 2025 WL 1823953, at *1 (4th Cir. July 2, 2025) (construing habeas petitioner's request for stay as seeking review of the final removal order).  The Fifth Circuit recently reiterated that "federal courts lack jurisdiction over claims connected directly and immediately with a decision or action by the Attorney General to commence proceedings, adjudicate cases, or execute removal orders." Id., citing Humphries v. Various Fed. USINS Emps., 164 F.3d 936, 943 (5th Cir. 1999) and 8 U.S.C. § 1252(g) (internal quotations omitted).  Here, Petitioner's request for a stay of removal is premature because no final order of removal has been entered.  See Record Document 1 at 3.  Notwithstanding, this Court would lack jurisdiction to grant Petitioner's request to restrain Respondents from removing her from the United States while she seeks review of her Habeas Petition.  See Fabuluje v. Immigration & Naturalization Agency, 244 F.3d 133, 133 (5th Cir. 2000) (unpublished) (holding that district court was without jurisdiction to grant stay of removal under § 1252(g)); Idokogi v. Ashcroft, 66 F. App'x 526, 526 (5th Cir. 2003) (same); see also Westley v. Harper, No. CV 25-229, 2025 WL 592788, at *4 (E.D. La. Feb. 24, 2025).

Regarding the request to prohibit transfer to a different facility, "[m]ere speculation or conclusory allegations of an irreparable injury are insufficient to entitle a movant to injunctive relief." Lotter v. Lyons, 2025 WL 2946630, at *1 (W.D. Tex. Aug. 22, 2025). Petitioner fails to show a likelihood that she will be transferred to another facility. Additionally, this Court's jurisdiction attaches with the filing of the habeas petition and is not destroyed by any subsequent transfer. See Pena Ramirez v. Noem, No. H-25-5484, 2025 WL 3443186, at *2 (S.D. Tex. Dec. 1, 2025) (citing Griffin v. Ebbert, 751 F.3d 288,

3

290 (5th Cir. 2014)). The Court is reluctant to set a precedent that would interfere with the government's need to transfer any immigration detainee with a pending habeas petition.

Finally, based on the showing made in her Emergency Motion, the Court does not believe expedited consideration of the Habeas Petition is warranted.

Accordingly,

**IT IS ORDERED** that Petitioner's Emergency Motion for a Temporary Restraining Order, Stay of Removal, and Order to Show Cause (Record Document 2) (Record Document 2) is **DENIED**.

**THUS DONE AND SIGNED**, in Shreveport, Louisiana, this 30th day of July, 2026.

_____
JUDGE S. MAURICE HICKS, JR.
UNITED STATES DISTRICT COURT

4